J-S02038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRANDON SCOTT FOURNIER, | : | |
| | : | |
| Appellant | : | No. 754 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 23, 2019
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0005626-2017

BEFORE:  BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED MARCH 11, 2020**

Brandon Scott Fournier ("Fournier") appeals from the judgment of sentence imposed following his convictions of unlawful contact with a minor and criminal use of a communication facility.[1]  We affirm.

In its Opinion, the trial court set forth the relevant factual and procedural background as follows:

> On August 24, 2017, Agent [Gordon] Goodrow [("Agent Goodrow"), a supervisory special agent with the Office of the Attorney General's Child Predator Section,] had an undercover profile on Grindr, a mobile application that allows men to seek other men.  On this day, Agent Goodrow began to receive messages on the Grindr app from [] Fournier[,] who [had] initiated contact.  Based upon the conversations between Fournier and Agent Goodrow, Fournier was arrested.

---

[1] 18 Pa.C.S.A. §§ 6318(a)(1), 7512(a).

The following is the relevant dialogue exchanged between Agent Goodrow, who was posing as a fourteen[-]year-old, and Fournier[,] on August 24, 2017, that led to Fournier's arrest[:]

Fournier: Cute pic U looking for a good time

Goodrow: Yeah this is my last week before school starts

Fournier: Where u from and u have a clear face pic what u in the mood for

Goodrow: Live in Harrisburg

Fournier: Tbats not far from me any more pics

Goodrow: [picture of boy sitting in driver's seat of car with his seatbelt on]

Fournier: How old are u

Goodrow: I'll be 15 in December

Fournier: What u want to dO

Goodrow: I haven't done anything

Fournier: How are u on here if your 15

[Fournier:] Does your parents no your gay

Goodrow: New to this and don't know any guys my age

[Goodrow:] No they do t

[Goodrow:] Don't

[Goodrow:] It's gotta be a secret

[Goodrow:] My mom would be so upset

[Goodrow:] And her boyfriend would probably be an ass

Fournier: I'm 35 old enough to b your dad let me see some more of you

Goodrow: Mmmmm showed you a pic???

[Goodrow:] Gotta be careful

[Goodrow:] Don't know you

[Goodrow:] Can't get in trouble

* * *

Fournier: Ur parents let u out at 14

[Fournier:] By yourself

Goodrow: My mom works downtown and lets me come with her

[Goodrow:] I went over to city island

[Goodrow:] She will drive me home at 5

[Goodrow:] When she gets off work

* * *

Fournier: If u got head from a guy would u cum fast

* * *

Fournier: Do you want to try it with a guy

Goodrow: Oh really

[Goodrow:] How?

Fournier: Some place outside

[Fournier:] Its up to you I just don't want to get in trouble for talki,g to u

* * *

Fournier: Would like to meet up some place

Goodrow: I can walk somewhere

Fournier: Where u want to walk to

Goodrow: I'm at strawberry square right now getting something to eat

[Goodrow:] I can walk to city island after

Fournier: Ok ill head their now

* * *

Fournier: I'm nervous about meeting up with u because of your age

* * *

Goodrow: If your not into I can understand

Fournier: Ill come meet you quick

[Fournier:] U almost their

Goodrow: Not yet

[Goodrow:] What if your a cop? I'm screwed

Fournier: I'm on my way

[Fournier:] I'm not a cop

[Fournier:] When's the last time u came

* * *

Goodrow: What if people see us?

Fournier: Ill b their in 6 min

Goodrow: I saw security there this morning

[Goodrow:] I'm just finishing my lunch

Fournier: Ok

Goodrow: What if people see us

Fournier: No one will

[Goodrow:] Really?

[Fournier:] Ill meet u on 3rd st by stsilons

Goodrow: Where's that????

* * *

Fournier: I'm here behind stsilons

Goodrow: Where we go then?

Fournier: I know places

Goodrow: Ok cool

[Goodrow:] Can't get caught

Fournier: Were not going to

Goodrow: Oh man

[Goodrow:] I'm excited

Fournier: U coming or what

Goodrow: Leaving now

Fournier: Hurry up

Goodrow: What you want to do first [smirking face emoji]

[Goodrow:] Damn

[Goodrow:] On my way

Fournier: look at you see what u think of me and see what u want to do

* * *

Fournier: Ur not going to get into trouble and I'm not going to hurt u

Goodrow: But you won't even tell me what you want to do and you could def hurt me

Fournier: Lets just meet first so I know your for real and not trying to set me up

[Fournier:] U almost here

* * *

[Fournier:] Hurry up

[Fournier:] Where u at

Goodrow: I'm walking

Fournier: Ok well if u want to do something it needs to happen quick

Goodrow: Kk

Fournier: U want me to blow u

Goodrow: Umm ok. How

[Goodrow:] Where r u

Fournier: I'm behind stallions theirs an alley way in between 704 and stallions

Goodrow: OkAy

[Goodrow:] Blue car ?

Fournier: Yea I'm at the end of the parking lot

Goodrow: Okay

Fournier: How close are u

Goodrow: Almost there

[N.T., 5/17/18, at 24 (wherein Commonwealth's Exhibit 3A was admitted).[2]]

_____

[2] The trial court corrected grammatical errors in the original, perhaps inadvertently, without adding brackets or otherwise making note of the changes. We have reverted the changes to comport with the original, as it is found in the certified record.

On August 24, 2017, [Fournier] was arrested and charged with [u]nlawful [c]ontact with [m]inor-[s]exual [o]ffenses and [c]riminal [u]se of a [c]ommunication [f]acility.

On February 8, 2018, [Fournier] filed a ["]Motion for Judicial Finding of Entrapment As a Matter of Law.["] The Commonwealth responded and a hearing was held before the [trial court] on May 17, 2018. After hearing the testimonial evidence of [Agent] Goodrow, the [trial c]ourt found that entrapment was not proven as a matter of law[,] but allowed [Fournier] to pursue the defense at trial.

A jury trial was held before [the trial c]ourt on September 27 and September 28, 2018, and [Fournier] was found guilty of [the above-mentioned offenses]. The jury also found no entrapment by [Agent Goodrow].

On January 23, 2019, [Fournier] was sentenced to [an aggregate term of] 48 to 96 months [in prison] with a consecutive five years [of] probation…. [Fournier] was given credit for time served. He was mandated to register under Megan's Law[3] and a fine was imposed.

Trial Court Opinion, 7/8/19, at 1-2, 4-7 (citations to record omitted; paragraphs reordered; errors in original; footnote added). Fournier filed a timely Notice of Appeal and a Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

On appeal, Fournier raises the following question for our review:

Did not the trial court err in refusing to find entrapment as a matter of law, where the court correctly found that the issue of entrapment had been properly raised, and there was no dispute as to the operative facts relating to the defense?

_____

[3] Our review of the record discloses that Fournier was sentenced pursuant to, and given notice of his registration requirements under, the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.41, and not Megan's Law.

Brief for Appellant at 5.

Fournier claims that the trial court erred in not concluding that, as a matter of law, the evidence at trial established the defense of entrapment. *See id.* at 18-24. Fournier points out that in order to create his Grindr account, Agent Goodrow must have provided a date of birth designating him as at least eighteen years old. *Id.* at 23. Fournier states that he was aware of this fact when he initiated the conversation with Agent Goodrow. *Id.* Fournier further claims that (1) the communication that constituted a criminal act did not occur until the 112th minute of the conversation; (2) at one point, Fournier ceased messaging, and Agent Goodrow reinitiated the conversation twenty minutes later; (3) Fournier wanted to meet the purported child in the daytime, at a public location, with the intent to "walk and talk," but Agent Goodrow expressed a reluctance to meet at that location, forcing Fournier to suggest another place to meet; and (4) the picture Agent Goodrow sent Fournier, purportedly of himself, showed a person in the driver's seat of a car with a seat belt on, which led Fournier to believe the person was at least 16 years old. *Id.* at 23-24. Fournier argues that these factors establish entrapment as a matter of law. *Id.* at 24.

"Our standard of review regarding questions of law is *de novo*." ***Commonwealth v. Luczki***, 212 A.3d 530, 543 (Pa. Super. 2019).

In its Opinion, the trial court concisely set forth the law, and addressed Fournier's claim as follows:

- 8 -

The Crimes Code defines the defense of entrapment[,] in relevant part[,] as:

**§ 313. Entrapment**

**(a) General rule.**--A public law enforcement official or a person acting in cooperation with such an official perpetrates an entrapment if for the purpose of obtaining evidence of the commission of an offense, he induces or encourages another person to engage in conduct constituting such offense by either:

(1) making knowingly false representations designed to induce the belief that such conduct is not prohibited; or

(2) employing methods of persuasion or inducement which create a substantial risk that such an offense will be committed by persons other than those who are ready to commit it.

**(b) Burden of proof.**--Except as provided in subsection (c) of this section, a person prosecuted for an offense shall be acquitted if he proves by a preponderance of evidence that his conduct occurred in response to an entrapment.

….

18 Pa.C.S.A. § 313.

"The burden is on the defendant to establish entrapment and the inquiry focuses on the conduct of the police, not the predisposition of the defendant." *Commonwealth v. Joseph*, 848 A.2d 934, 939 (Pa. Super. 2004). "The test with regard to police conduct is an objective one. Merely affording the opportunity, through police artifice and stratagem, for the commission of a crime by a person who already has the requisite intent is not entrapment. Rather, the defense of entrapment is aimed at condemning certain impermissible conduct which … falls below standards ... for the proper use of governmental power." *Id.* "Where police do no more than afford appellant an opportunity to commit an illegal act, their actions are not considered sufficiently outrageous police conduct to support an entrapment defense." *Commonwealth v. Marion*, 981 A.2d 230, 239 (Pa. Super. 2009).

"The trial court may consider, when there is no dispute as to the operative facts, whether it can reject an entrapment defense as a matter of law." *Id.* "Operative facts are those that are necessary for appellant to prove by a preponderance of the evidence that he was entrapped. Under the objective test for entrapment, these would be facts that go to the course of conduct of a government officer or agent that would fall below standards to which common feelings respond, for the proper use of government power." *Id.*

....

The conduct of Agent Goodrow did not rise to the requisite level of outrageousness that would justify a finding of entrapment as a matter of law. The texts reveal that Agent Goodrow merely afforded [Fournier] with the opportunity to commit a crime. [Agent Goodrow] did not initiate contact with [Fournier]. During the conversation, [Fournier] asked [Agent Goodrow] how old he was and [Agent Goodrow] responded that he was fourteen years old. Even after [Fournier] was informed that the individual he was conversing with was underage, [Fournier] continued to pursue the conversation, arranged a meeting with [the purported fourteen-year-old boy], and traveled to the prearranged location to meet with the minor for sex. [Fournier] was then arrested.

Trial Court Opinion, 7/8/19, at 7-9 (some quotation marks omitted; paragraph break added). The record supports the trial court's findings and we agree with the trial court's sound rationale and determination. We therefore affirm on this basis in rejecting Fournier's claim. *See id.*

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2020